*For reversal*—TRENCHARD, PARKER, LLOYD, BODINE, DONGES, BROGAN, HEHER, KERNEY, JJ. 8.

GEORGE O'BRIEN, PLAINTIFF-RESPONDENT, v. MORRIS BROADMAN, DEFENDANT-APPELLANT.

Argued October 24, 1932—Decided January 31, 1933.

For the appellant, *Benjamin J. Darling*.

For the respondent, *Nathan L. Goodman*.

The opinion of the court was delivered by

LLOYD, J. Originally this was an action to recover compensatory damages for an alleged unlawful distraint. Later the complaint was amended to include exemplary damages. There was a verdict and judgment for the plaintiff and defendant appeals, contending that there was error in rulings on evidence, in refusal to nonsuit, in refusal to direct a verdict in his favor and in the instructions to the jury.

Plaintiff had been a tenant of an apartment at No. 69 Claremont avenue, Jersey City, from June 3d, 1928, to June 3d, 1929, under a lease for a year from the then owner, Leff. During the year Leff sold to the defendant. On May 29th, 1929, plaintiff moved out and placed his household goods in storage where they were distrained by the defendant for rent alleged to be due in June of that year. The goods so distrained were held in the storage house for several months and then released.

The first point is that plaintiff was not entitled to punitive damages. We think he was, but whether so or not, the question is not raised in the record except possibly in so far as it might be involved in the allowance of an amendment to the complaint to embody punitive damages, and this was a matter of discretion in the trial court. There were no requests for instructions that were not charged and no exceptions to the evidence or to the charge on the subject.

It is next said there should have been a nonsuit or direction of a verdict for the defendant because there was no evidence of a seizure. Neither could have been granted. What defendant did was to authorize Chauncey, a constable, to distrain plaintiff's goods in the warehouse, and while no witness appears to have been called by either party to prove the seizure, the defendant admitted it in his answer, admitted it to one of the witnesses for the plaintiff, and later impliedly admitted it by letter authorizing release of the goods.

Finally appellant complains of proof of value of the goods by showing their cost. Such proof was proper. *Luse* v. *Jones,* 39 *N. J. L.* 707; *Teets* v. *Hahn,* 104 *Id.* 357.

The judgment is affirmed.

*For affirmance*—TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 12.

*For reversal*—None.